[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
INTRODUCTION
The substituted complaint in this case contains two counts, as to each of which the defendant has moved for summary judgment. The plaintiff has acquiesced in the granting of summary judgment in favor of the defendant on the first count, and, accordingly, summary judgment is granted in favor of the defendant on the first count.
The second count alleges that:
 The plaintiff provided materials and furnished services at premises owned by the defendant;
 Such provision of materials and services conferred a benefit on the defendant;
 The defendant has not paid the plaintiff for such materials and services;
 The defendant was aware of the plaintiff's provision of materials and services; and,
 The "acceptance, use or retention" by the defendant of such materials and services, absent payment by the defendant to the plaintiff therefor, would be inequitable.
From the affidavits, and a photocopy of a document entitled "Building Agreement', which have been submitted by the parties in connection with this motion, the following are uncontroverted facts:
 The defendant and one Wayne Parent ("Parent") entered into a contract ("contract") for the construction, by Parent, of a single family house ("house") on land owned by the defendant;
 Pursuant to the contract, Parent was obligated to provide to the defendant mechanics lien waivers executed by all parties providing materials or services for the construction of the house;
 The plaintiff and Parent contracted for the plaintiff to provide materials and services for the CT Page 2553 construction of the house, for which Parent agreed to pay the plaintiff;
 Parent selected the plaintiff for the provision of materials and services for the construction of the house, without any participation from the defendant and without any obligation on the defendant to pay for such materials and services;
 The defendant paid Parent all sums due to Parent for the construction of the house;
 Because of Parent's financial condition, Parent did not pay the plaintiff for the materials and services it supplied for the construction of the house;
 When the defendant made his final payment to Parent under the contract, the defendant was unaware that the plaintiff had not been paid for its materials and services by Parent;
 The defendant was not represented by an attorney while the house was being constructed; and,
 The defendant did not have a construction mortgage to finance the construction of the house.
DISCUSSION
The plaintiff seeks recovery under the doctrine of unjust enrichment. In Burns v. Koellmer, 11 Conn. App. 375 (1999), the court articulated the three elements of such a claim, as follows:
 "[I]t must be shown that the [defendant was] benefitted, that the benefit was unjust in that it was not paid for by the [defendant], and that the failure of payment operated to the detriment of the plaintiff."
Id., at 383.
In Meaney v. Connecticut Hospital Assn., Inc., 250 Conn. 500 (1999), the court gave guidance to trial courts which are presented with unjust enrichment claims, as follows:
 A right of recovery under the doctrine of unjust CT Page 2554 enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard. (Citations omitted.)
Id., at 511-512.
While the court is mindful that the just/unjust test set out in Meaney
calls for factual determinations by triers of the facts, the court also recognizes that whether evidence is sufficient to support a finding that denial of payment would be unjust, inequitable or unconscionable is a question of law. Consideration of the uncontroverted facts compels the conclusion that, as a matter of law, the uncontroverted facts recited above do support an inference that denial of payment would be unjust.
CONCLUSION
Summary judgment in favor of the defendant is entered on both of the substituted complaint.
G. Levine, Judge